**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY ANTHONY FRANKLIN,                    No. C 06-6791 SI (pr)

         Petitioner,                    **ORDER**

        v.

ROBERT A. HOREL, warden,

         Respondent.
                                    /

     Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he

alleged that state courts had wrongly denied him access to court records for a co-defendant that

he wanted to use in his own parole proceedings.  He described his claim:

> [P]etitioner sought state writ petitions in the California state court system, for access to
> the plea agreement, pre-sentence report and sentencing hearing records, filed in
> connection with the judicial hearing proceedings of his co-defendant Tyrone Richardson.
> . . . Information in which petitioner need to inspect prior to his parole hearing in 2005
> so that he can adequately prepare or present 'relevant and reliable facts' at said parole
> hearing. Wherein, petitioner represents himself in propria persona. [¶] Notwithstanding
> such, the state writ petitions was denied. The state court orders denying petitioner's right
> of public access to judicial hearing records failed to comply with the procedural and
> substantive requirement of the First Amendment, in that, the state court decision did not
> state any specific factual findings for closure, nor was any alternatives to closure
> considered by the state court, upon rejecting petitioner's request for access on four
> separate instances."

Petition, pp. 7-8 (errors in source).  This court dismissed the action without prejudice,

determining that habeas jurisdiction was absent because success in this action would not result

in petitioner's release from confinement or any change in his sentence.

     Petitioner has filed a motion to alter or amend the judgment, arguing that he should be

allowed to proceed in habeas.  The motion is DENIED.  (Docket # 4.)

1    Having reviewed the file, the court remains convinced that success in this action would

2  not result in petitioner's release or any change in his sentence, and therefore a petition for writ

3  of habeas corpus is not the correct way to assert petitioner's claim.  The petition has a claim that

4  is related to petitioner's parole prospects but does not have any claim for a constitutional

5  violation at the parole proceedings.  The duration of petitioner's confinement would only be

6  affected if petitioner prevailed on a claim that the state court wrongly denied him a copy of

7  another person's criminal trial records, and if those records had something helpful for petitioner's

8  parole consideration, and if petitioner presented those records to a parole board, and if the parole

9  board refused to consider the records or thought them insufficient to show that petitioner was

10  suitable for parole, and if the parole board committed a due process violation in refusing to allow

11  him to present evidence or in basing a denial of parole on insufficient evidence, and if petitioner

12  then exhausted state court remedies as to that claim,  and if he then asserted such a due process

13  claim in a federal petitioner for writ of habeas corpus, and if this court found a constitutional

14  violation in the parole proceedings.  As the foregoing shows, the effect on the duration of his

15  confinement is very indirect and speculative and it can be said with certainty that a favorable

16  decision here will not necessarily affect the duration of his confinement.  See Ramirez v. Galaza,

17  334 F.3d 850, 859 (9th Cir. 2003).

18    Petitioner states that this court mistakenly stated that the state court had sealed the records

19  he was trying to access.  Motion, p. 3.  The statement was based on the assertion in the petition

20  that "the state court decision did not state any specific factual findings for closure, nor was any

21  alternatives to closure considered by the state court."  Petition, pp. 7-8.  Apparently, "closure"

22  did not mean sealing of records, but that descriptive error is irrelevant.  Whether the records

23  were sealed does not matter to this court's analysis: the relevant fact is that the state court denied

24  petitioner's request for access to those records.

25    Petitioner asserts in his motion that "there can be no doubt that no cognizable 42 U.S.C.

26  1983 claim could be maintained in this instance by the petitioner since success of his habeas

27  action may give way to his parole release."  Motion, p. 2.  As discussed earlier, success on the

28

2

1  claim asserted in the petition would not affect the duration of his confinement, but might simply

2  be one step in a long series of steps that might lead to a decision that would allow his release on

3  parole.  If petitioner's logic was followed, habeas jurisdiction would exist to challenge almost

4  every action affecting a prisoner – everything from the issuance of counselling chronos, to

5  psychological evaluations, to prison work evaluations -- because all might play a part in the

6  parole authority's evaluation of a prisoner.  Finally, the fact that no cognizable § 1983 claim

7  might exist – an assertion that petitioner makes but the court declines to decide because it would

8  be an advisory opinion – does not mean there must be federal habeas jurisdiction.  There are

9  some problems for which there is no relief in federal court.  See Kougasian v. TMSL, Inc., 359

10  F.3d 1136, 1139 (9th Cir. 2004) (Rooker-Feldman doctrine essentially bars federal district courts

11  "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court

12  judgment").

13       IT IS SO ORDERED.

14  DATED: February 2, 2007

        _____
                SUSAN ILLSTON
15            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28